UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CAPITAL MARKETS COMPANY, LLC,<br><br>                           Plaintiff,<br><br>      v.<br><br>ISAAC HALPERN,<br><br>                           Defendant. | Case No. _____<br><br>**PROPOSED ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER** |

       Upon the accompanying Declaration of Michael Ethelson, all exhibits attached thereto, and the supporting memorandum of law, it is hereby:

       ORDERED, that Isaac Halpern (the "Defendant") show cause before this Court at Room \_\_\_\_\_, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on _____ \_\_\_\_, 2022, at _____ o'clock, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure that, during the pendency of this action,

    i. Enjoins Defendant from directly or indirectly, either alone or jointly with or on behalf of Ernst & Young Parthenon ("EYP") or any person, firm, company or entity, "in any Capacity [from] be[ing] involved with any business concern situated within the Territory or which provides services to Clients situated within the Territory which is, will be, or is planning to be in competition with any Restricted Business" (as those terms are defined in the "Business Protection Agreement" or "BPA");

    ii. Enjoins Defendant from directly or indirectly, either alone or jointly, with or on behalf of EYP or any person, firm, company or entity and in any capacity, soliciting or endeavoring to entice away from the Company, or any Group Company, "the business

or custom of any Client with a view to providing services to that Client in competition with any Restricted Business" or "solicit[ing] the business or custom of any Potential Client with a view to providing services to that Potential Client in competition with any Restricted Business" (as those terms are defined in the BPA);

iii. Enjoins Defendant from directly or indirectly either alone or jointly, with or on behalf of EYP or any person, firm, company or entity and in any capacity from being involved with the provision of services to, or otherwise having any business dealings with, any Client or Potential Client in the course of any business concern that is in competition with the Restricted Business (as those terms are defined in the BPA);

iv. Enjoins Defendant from directly or indirectly either alone or jointly, with or on behalf of EYP or any person, firm, company or entity, employing or engaging, soliciting the employment or engagement, or assisting any other person (whether by means of the supply of names or expressing views on suitability or otherwise) to employ or engage or solicit or otherwise endeavor to entice away from the Company or any Group Company any Key Employee (whether or not such person would commit a breach of their contract of employment or engagement by reason of leaving the service of their employer) (as those terms are defined in the BPA);

v. Enjoins Defendant from using, copying, communicating, or disclosing to EYP or any person any Confidential Information and/or trade secrets or confidential information of the Company or any Group Company or their affiliates, subsidiaries, clients and vendors (as those terms are defined in the BPA);

    vi.    Enjoins Defendant in all such ways necessary to bring Defendant into full and complete compliance and conformance with his post-employment contractual agreements contained in his Business Protection Agreement; and it is further

ORDERED that email service of a copy of this Order and supporting papers on counsel for Defendant shall be deemed good and sufficient service and notice thereof; and it is further

ORDERED, that Defendant's papers in response to this Order shall be served and filed by _____ ____, 2022, any reply papers shall be served and filed by Plaintiff by _____ ____, 2022; and it is further

ORDERED that, sufficient reason having been shown therefor, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure,

    i.    Defendant is temporarily restrained and enjoined from directly or indirectly, either alone or jointly with or on behalf of EYP or any person, firm, company or entity, "in any Capacity [from] be[ing] involved with any business concern situated within the Territory or which provides services to Clients situated within the Territory which is, will be, or is planning to be in competition with any Restricted Business" (as those terms are defined in the "Business Protection Agreement" or "BPA");

    ii.    Defendant is temporarily restrained and enjoined from directly or indirectly either alone or jointly, with or on behalf of EYP or any person, firm, company or entity and in any capacity, soliciting or endeavoring to entice away from the Company, or any Group Company, "the business or custom of any Client with a view to providing services to that Client in competition with any Restricted Business" or "solicit[ing] the business

or custom of any Potential Client with a view to providing services to that Potential Client in competition with any Restricted Business" (as those terms are defined in the BPA);

iii. Defendant is temporarily restrained and enjoined from directly or indirectly either alone or jointly, with or on behalf of EYP or any person, firm, company or entity and in any capacity from being involved with the provision of services to, or otherwise having any business dealings with, any Client or Prospective Client in the course of any business concern that is in competition with the Restricted Business (as those terms are defined in the BPA);

iv. Defendant is temporarily restrained and enjoined from directly or indirectly either alone or jointly, with or on behalf of EYP or any person, firm, company or entity, employing or engaging, soliciting the employment or engagement, or assisting any other person (whether by means of the supply of names or expressing views on suitability or otherwise) to employ or engage or solicit or otherwise endeavor to entice away from the Company or any Group Company any Key Employee (whether or not such person would commit a breach of their contract of employment or engagement by reason of leaving the service of their employer) (as those terms are defined in the BPA);

v. Defendant is restrained and enjoined from using, copying, communicating, or disclosing to EYP or any person any Confidential Information and/or trade secrets or confidential information of the Company or any Group Company or their affiliates, subsidiaries, clients and vendors (as those terms are defined in the BPA);

vi. Defendant is temporarily restrained and enjoined in all such ways necessary to bring Defendant into full and complete compliance and conformance with his post-

employment contractual agreements contained in his Business Protection Agreement; and it is further

ORDERED that because Defendant agreed in the BPA that "an injunction or restraining order… may be issued or ordered by a court of competent jurisdiction restraining any breach of any such provisions," see BPA § 6.12, no security must be posted by Plaintiff in connection with this Order or any preliminary injunction entered in this matter; and it is further

ORDERED that because good cause and reasonableness is shown, Plaintiff's request for expedited discovery is granted, and Defendant shall respond to Plaintiff's requests for production (including written responses, actual production documents and a privilege log, if applicable) and answer the interrogatories which are attached as Exhibit A to the Declaration of Celine Chan in Support of Plaintiff's Application for Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction and Expedited Discovery ("Chan Declaration") by no later than September 16, 2022, and further, Defendant shall make himself available for a deposition by Plaintiff per the Notice of Deposition of Defendant Isaac Halpern attached as Exhibit B to the Chan Declaration on a date between September 21 and September 27, 2022;

ORDERED that email service of a copy of this Order and supporting papers on counsel for Defendant shall be deemed good and sufficient service and notice thereof.

DATED:   New York, New York

___, 2022

_____ A.M./P.M.

_____
United States District Judge