**MEMO ENDORSED**

**Weil, Gotshal & Manges LLP**

VIA ECF AND E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**John P. Barry**
+1 (212) 310-8150
John.Barry@weil.com

September 14, 2022

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: *The Capital Markets Co., LLC v. Halpern*, Case No. 1:22-cv-07637 (KPF)
    Request to File Under Seal Exhibits to the Declaration of Michael Ethelston

Dear Judge Failla:

Pursuant to Rule 9(B)(i)-(ii) and Rule 9(C)(i) of your Honor's Individual Rules, I write on behalf of Plaintiff The Capital Markets Company, LLC ("Capco") to respectfully request leave to file Exhibit A to the Declaration of Michael Ethelston in Further Support of Plaintiff's Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction and Expedited Discovery ("Exhibit A") under seal. A public copy of the declaration, along with a slip sheet for Exhibit A, is being filed on the docket in connection with this sealing request.

While there is a presumption of public access to "judicial documents," there are a number of countervailing factors for courts to consider against the presumption including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order . . . requiring . . . confidential . . . commercial information not be revealed"). Capco has a significant privacy interest in the information contained in Exhibit A, which is related to its internal business operations, including its compensation plans. *See BAE Sys. Ship Repair Inc. v. Puglia Eng'g, Inc.*, 2017 WL 11568796, at *3 (S.D.N.Y. May 2, 2017) (granting redaction of information concerning plaintiff's compensation structure). Specifically, Exhibit A details Capco's incentive plan offerings and compensation philosophy, including information related to the terms of the incentive plans, bonus payout formulas, target bonuses, discretionary considerations in determining bonuses, Capco's performance assessment framework, and an illustration of the mechanics of Capco's incentive compensation plans. *See* Ethelston Decl. Ex. A at 5-8. This sensitive business information is "traditionally considered private rather than public" and does not affect a "substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir.

Hon. Katherine Polk Failla  **Weil, Gotshal & Manges LLP**
September 14, 2022
Page 2

1995). If made public, the information contained in Exhibit A would result in a significant competitive disadvantage to Capco without providing much value to those monitoring the federal courts. *See Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020).

Capco's competitive advantage depends on its ability to attract and retain top talent, which in turn is supported by its incentive compensation plans that are the subject of Exhibit A. Capco's competitors could easily use this information to hire away Capco's employees. Because this information is vital to Capco's business model and would be highly sought after by competitors, public disclosure of Exhibit A "poses a genuine risk of injury to [Capco's] competitive positions and economic interests." *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012); *see Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (finding disclosure of information that would assist a competitor in hiring away plaintiff's employees might harm its competitive standing).

Since Exhibit A is brimming with sensitive business information that would be damaging to Capco's competitive positioning if disclosed, Capco's interest in protecting the proprietary and confidential information outweighs the public's interest in accessing the document. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting a motion to seal and holding that the privacy interests of the defendants outweighed the presumption of public access because the documents to be sealed included highly confidential information related to defendant's business operations).

Further, since Exhibit A is being filed in support of a motion seeking preliminary relief and is not being filed in support of a dispositive motion, it may be outside the scope of a "judicial document," where there is a qualified right of public access. *Cf. Winfield v. City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (holding that "documents filed with the court in connection with discovery-related disputes are not judicial documents" in part, because "many documents exchanged in discovery, even if relevant, may never be admitted in trial or in connection with a dispositive motion"). Additionally, the presumption of public access to judicial documents weighs less heavily at the preliminary injunction stage. *See Re: IBM v. Rodrigo Lima*, 2020 WL 6048773, at *2 (S.D.N.Y. Oct. 13, 2020) (granting the party's request to redact confidential information relating to a preliminary injunction, noting "the presumption of public access is generally strong in *final* determinations at the summary judgment stage or after a full trial on the merits") (emphasis in original).

Given the procedural posture of this request to file under seal – in the context of a preliminary injunction between two private parties rather than a final judicial determination – and the irreparable harm that Capco would suffer if Exhibit A is made public, Capco respectfully requests that the Court order Exhibit A permanently sealed.

Weil, Gotshal & Manges LLP

Respectfully submitted,

*[signature]*

John P. Barry

cc:  All counsel of record (by ECF)

```
Application GRANTED.  The Clerk of Court is directed to maintain
the documents at docket number 26 under seal, visible to the
Court and parties only.  The Clerk of Court is further directed
to terminate the pending motion at docket number 25.

Dated:     September 14, 2022         SO ORDERED.
           New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE