**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**John P. Barry**
+1 (212) 310-8150
John.Barry@weil.com

BY ECF AND E-MAIL

September 30, 2022

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: ***The Capital Markets Co., LLC v. Halpern*, Case No. 1:22-cv-07637 (KPF) – Expedited Discovery Schedule**

Dear Judge Failla:

On behalf of Plaintiff The Capital Markets Co., LLC ("Capco") in the above-referenced matter, I write pursuant to the Court's Order on September 16, 2022 (ECF Nos. 33 and 34) (the "Order") to address issues relating to scheduling expedited discovery.

The parties have conferred in an attempt to reach an agreement regarding a schedule for expedited discovery but have been unable to reach a resolution. The parties spoke on September 20, 2022 to discuss a schedule for expedited discovery. During the call, counsel for Defendant stated that they planned to take four depositions, and proposed a loose discovery timeline that concluded in late November. After some discussion, counsel for Defendant asked counsel for Plaintiff to propose a schedule via e-mail, which Plaintiff provided on September 23. Plaintiff proposed: (1) the parties would propound written discovery on September 26; (2) responses to written discovery would be due on October 7; (3) depositions would be conducted between October 10 and October 21; (4) Mr. Halpern would be deposed on October 17; and (5) preliminary injunction papers would be due on October 28. Defense counsel rejected Plaintiff's proposed timeline, claiming scheduling conflicts, and instead suggested a schedule whereby discovery would commence on October 4 and conclude on December 6. Plaintiff's counsel asked whether there was any flexibility on this timeline. Defense counsel responded by asking whether Plaintiff's counsel had flexibility.

From Defendant counsel's response, it was clear that the parties were at impasse, so Plaintiff's counsel suggested that the parties try to at least agree to parameters around expedited discovery. Plaintiff's counsel suggested that the parties limit themselves to 10 document requests and 10 interrogatories, and depositions of fewer than 3 hours. Defense counsel did not respond to these parameters. Instead,

Hon. Katherine Polk Failla
September 30, 2022
Page 2

**Weil, Gotshal & Manges LLP**

despite on the first call stating that he intended to take four depositions, and appearing to still intending to do so, Defense counsel stated that "We see no reason to believe discovery in this matter is to proceed on an expedited basis" and that he still has "offered a significant concession: preliminary discovery (including the deposition of our client) in only a few short months in support of an application for injunctive relief that we believe the Court has all but told you it likely will not grant." The next day, Defense counsel sent another email, this time stating that they would be willing to agree to five interrogatories, but would not commit on the number of document requests. He did not respond to the proposed temporal limit on depositions.

**Plaintiff's counsel proposes that the parties be limited to five (5) interrogatories and ten (10) document requests, and that all depositions be limited to three (3) hours or less.** Plaintiff would not intend for the foregoing limitations to apply to any subpoenas of third parties.

Defendant's proposed schedule for expedited discovery runs contrary to the evidentiary needs presented here. Mr. Halpern commenced employment at Ernst & Young ("EY") on September 19, mere days after this Court's Order. Plaintiff believes that it is entitled to injunctive relief, and still intends to seek a preliminary injunction. Critically, Plaintiff intends to seek expedited discovery surrounding Mr. Halpern's conduct before leaving Capco and his role at EY. Mr. Halpern's description of his role and anticipated responsibilities run contrary to Plaintiff's understanding of a Partner's role at EY, and it is imperative that Plaintiff have the ability to engage in meaningful discovery promptly to ensure the Mr. Halpern is abiding by his contractual restrictions and this Court's Order. Discovery concerning Mr. Halpern's new role at EY is also needed to allow the court to analyze the necessity of the injunction based on what is occurring at EY in practice, versus Mr. Halpern's representations about his role, which he admitted were based on incomplete information. Further, the discovery sought will assist the court in analyzing and understanding the confidential nature of the Capco information at Mr. Halpern's disposal and his inevitable use of such information in his position at EY. Such considerations warrant this Court's adoption of an expedited discovery schedule. *See, e.g.*, *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (finding that a "flexible standard of reasonableness and good cause" was justified when considering request for expedited discovery).

In order to accommodate the parties' needs for ensuring access to prompt information that will assist in resolving this matter, Plaintiff proposes the following discovery schedule:

- **October 5 – Parties propound written discovery;**

- **October 14 – Deadline for parties to respond to written discovery;**

- **October 17-28 – Parties conduct depositions;**

- **October 24 – Deposition of Isaac Halpern; and**

Hon. Katherine Polk Failla
September 30, 2022
Page 3

**Weil, Gotshal & Manges LLP**

- **November 4 – Deadline for parties to submit preliminary injunction papers.**

This schedule provides the parties ample time to conduct discovery while accommodating for any scheduling concerns impacting Defendant's counsel.  Moreover, given that Defendant is represented by three law firm partners, from two different law firms comprised of multiple additional lawyers, any scheduling concerns impacting an individual attorney's availability should not impede the parties' attempt to efficiently progress through discovery.

Finally, Plaintiff understands that, regardless of whether the parties engage in expedited discovery, Defendant seeks to depose Lance Levy, Capco's CEO.  *See* ECF No. 21-2. Deposing a high-ranking executive such as Mr. Levy would be inappropriate pursuant to the "apex doctrine."  This Court recognizes that, under the apex doctrine, unless a senior executive "has unique evidence, personal knowledge of the claims at issue, and other witnesses are incapable of providing testimony about the conduct alleged, executives are safeguarded from depositions."  *Harapeti v. CBS Television Stations Inc.*, 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021) (quotation marks omitted).  Mr. Levy's knowledge of this matter is limited to Capco's Incentive Compensation Plan (the "Plan"), details of which have already been provided to the Court.  *See* ECF No. 24-1.  Notably, any information regarding the Plan can be obtained from Michael Ethelston who Defendant intends to depose.  *See* ECF Nos. 21-2 and 21-4.  The availability of such individuals to provide the required information plainly indicates that deposing Mr. Levy is unnecessary at this time.  To the extent the Court considers permitting Defendant's deposition of Mr. Levy, Plaintiff respectfully requests the opportunity to fully brief this issue.

Respectfully submitted,

John P. Barry

cc: Counsel of Record (via ECF)